799 So.2d 1136 (2001)
STATE of Louisiana
v.
David CAMPBELL.
No. 2001-K-0329.
Supreme Court of Louisiana.
November 2, 2001.
PER CURIAM.
Granted in part; denied in part. The decision of the court of court of appeal is vacated to the extent that it sets aside respondent's guilty pleas to two counts of attempted possession of a firearm by a convicted felon, in violation of La. R.S. 14:27; 14:95.1, and one count of aggravated battery, in violation of La. R.S. 14:34. An appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and which resulted in dispositions of the cases favorable to the defendant. State v. Guzman, 99-1528, p. 6 (La.5/16/00), 769 So.2d 1158, 1162 (discouraging the practice in "recently encountered cases in which an intermediate court reversed a conviction, arising from a plea bargain, based on an error that the defendant deliberately chose not to raise because *1137 the defendant was satisfied with the plea bargain."). In the present case, on his three guilty pleas, defendant received concurrent terms of nine months imprisonment at hard labor with credit for time served, essentially a sentence to time served from the date of his arrest to the date of his guilty pleas. We find no indication that those guilty pleas were conditioned on the outcome of defendant's conviction for possession of cocaine with intent to distribute, La. R.S. 40:967(B)(1), about which he did complain on appeal. The court of appeal set aside that conviction on grounds that the trial court erred in denying the defendant's motion to suppress the evidence. We find no error in that aspect of the court of appeal's opinion. While we do not endorse that court's discussion of whether the state satisfied its burden at the multiple offender hearing of negating the 10 year cleansing period provided by La. R.S. 15:529.1(C), with respect to defendant's 1983 manslaughter conviction, that issue has been rendered moot by reversal of the underlying cocaine conviction. Accordingly, in all other respects the state's application is denied.