943 So.2d 371 (2006)
STATE of Louisiana
v.
Katrina ROBINSON.
No. 2006-K-1406.
Supreme Court of Louisiana.
December 8, 2006.
PER CURIAM.
Granted. The decision of the Second Circuit is reversed, defendant's convictions and sentences are reinstated, and this case is remanded to the court of appeal for consideration of the defendant's assignments of error pretermitted on original appeal. In State v. Guzman, 99-1528, p. 6 (La.5/16/00), 769 So.2d 1158, 1162, this Court expressly overruled its prior decision in State v. Godejohn, 425 So.2d 750, 751 (La.1983), and thereby made clear that a guilty plea colloquy is not part of the record for purposes of error patent review. In a case such as this one in which the defendant received a favorable plea bargain and in which the trial court fully conveyed to the defendant that her guilty pleas would fully resolve matters with the state and that no trial would follow, absent a defense assignment of error on the issue, the court's failure to inform her expressly of the right to a trial by jury is not reviewable on appeal. Cf. State v. Harris, 97-1352, p. 1 (La.10/31/97), 702 So.2d 678, 679 (Trial court's "failure to comply fully with the three-right rule of State ex rel. Jackson v. Henderson, 260 La. 90, 103, 255 So.2d 85, 90 (1971), adopted as an interim measure until `state and federal jurisprudence solidified,' State ex rel. LeBlanc v. Henderson, 261 La. 315, 333-34, 259 So.2d 557, 563 (1972), does not alone . . . [establish] a constitutional defect in [a] guilty plea.").