970 So.2d 707 (2007)
STATE of Louisiana
v.
Frederick HINES.
No. 07-KA-313.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
Rehearing Denied December 18, 2007.
*708 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Ken J. Dohre, Anne Wallis, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Overton T. Harrington, Jr., Attorney at Law, Gretna, LA, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
CLARENCE E. McMANUS, Judge.
Defendant, Frederick Hines, pled guilty to looting in violation of LSA-R.S. 14:62.5. In accordance with the plea agreement, defendant was sentenced to 12 years in the Department of Corrections. On appeal, defendant challenges his sentence as excessive.
Because defendant pled guilty, the facts and circumstances surrounding his offense are very limited. The arrest report shows that on September 5, 2005, Captain Wood, with the Jefferson Parish Sheriff's Office, was on patrol when he observed subjects "looting" furniture from the BFL store on LaPalco Blvd. in Harvey. According to the report, Captain Wood saw subjects inside the store passing furniture to others who were loading it into a pick-up truck. Four perpetrators were arrested. The report notes the city was on "disaster status" following Hurricane Katrina at the time of the offense.
In this appeal, defendant argues his 12-year sentence for looting is constitutionally excessive. He contends that even though he agreed to the sentence in a plea agreement, the sentence should be reviewed for constitutional excessiveness because a constitutionally excessive sentence cannot be justified by a voluntary plea. The State responds defendant is precluded from appealing his sentence because it was imposed in conformity with a plea agreement. Because we find patent error which requires us to vacate this sentence, we need not reach defendant's assignment of error.
We review the record for errors patent[1], and find that the trial judge imposed an illegal sentence when he ordered defendant's 12-year sentence to be served concurrently with any probation violation.[2] Only the judge who revokes the probation can order the sentence on a probation revocation to run either concurrently or consecutively with the sentence on the later conviction. LSA-C.Cr.P. art. 901(C)(2); State v. Welch, 03-905 (La.App. 5 Cir. 11/25/03), 864 So.2d 204, 208, writ denied, 04-0171 (La.2/4/05), 893 So.2d 88. Thus, the trial court lacked authority to order defendant's sentence to be served concurrently with any probation revocation.
*709 Admittedly, the trial judge imposed the illegal sentence in conformity with a plea agreement. However, a defendant does not have a constitutional or statutory right to an illegal sentence. State v. Quinones, 03-907 (La.App. 5 Cir. 12/30/03), 864 So.2d 824, 831.
In State v. Fairman, 06-366 (La.App. 5 Cir. 10/31/06), 945 So.2d 783, 785, this Court said that
Criminal plea agreements are analogous to contracts in that they are formed by the consent of the parties established through offer and acceptance. Louisiana courts generally use civil contract law as guidance in determining the validity of plea bargains. State v. Givens, 99-3518 (La.1/17/01), 776 So.2d 443, 445; State v. Robinson, 01-946 (La.App. 5 Cir. 1/29/02), 807 So.2d 1085, 1089 writ denied, 02-0638 (La.11/1/02), 828 So.2d 563. Under our civil code an obligation cannot exist without a lawful cause. La. C.C. art.1966. La. C.C. art.1968 provides that "[t]he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy."
As in Fairman, the plea bargain in this case afforded the defendant an illegally lenient sentence. Such an agreement is an absolute nullity which cannot be confirmed on appeal. State v. Chisley, 03-426 (La.App. 5 Cir. 10/15/03), 860 So.2d 45, 51, writ denied, 03-3358 (La.4/2/04), 869 So.2d 874; State v. Guilbeaux, 99-591 (La. App. 5 Cir. 11/10/99), 749 So.2d 16.
For the above discussed reasons, we find that the defendant's sentence is illegal and was imposed pursuant to an illegal plea agreement. Accordingly we vacate the sentence and remand the matter to the trial court for further proceedings, reserving to the defendant the right to withdraw his guilty plea.
SENTENCE VACATED; CASE REMANDED.
NOTES
[1] LSA-C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
[2] The record does not reflect that a revocation sentence had been imposed at the time of sentencing on the charged offense.