983 So.2d 943 (2008)
STATE of Louisiana
v.
Willie E. THOMAS.
No. 07-KA-940.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2008.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of *944 Jefferson, Terry M. Boudreaux, Thomas J. Butler, Churita H. Hansell, Trial Counsel, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Gwendolyn K. Brown, Attorney at Law, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Defendant, Willie E. Thomas, appeals from his conviction by guilty plea of distribution of cocaine within one thousand feet of a church, a violation of La.R.S. 40:981.3. Appellate counsel filed an Anders brief, asserting that there are no non-frivolous issues for appeal. We affirm the conviction and sentence, and grant appellate counsel's motion to withdraw as attorney for the Defendant, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
The Defendant subsequently pled guilty to the charge in May of 2007 after being advised of his Boykin rights.[1] He also pled guilty to two other charges on the same date. The trial judge accepted the pleas, and in June of 2007, sentenced the Defendant to seventeen years at hard labor on the instant charge, with the first two years to be served without benefit of parole, probation, or suspension of sentence. That sentence was ordered to be served concurrently with the sentences the Defendant received following the other guilty pleas he entered on the same day as this one.
The Defendant filed a pro se motion for appeal. Counsel appointed for the appeal subsequently filed a motion to withdraw, pursuant to Anders finding no non-frivolous issues for appeal. The Defendant was properly notified that he was entitled to file a pro se appeal brief, but failed to do so.
The Defendant's conviction was the result of a guilty plea. Thus, the record contains little information regarding the facts involved in the charged offense. The bill of information alleges that on November 8, 2005, the Defendant distributed cocaine within 1,000 feet of a church. At the time of his guilty plea, the Defendant admitted that he sold cocaine to an undercover police officer. He stated that he gave cocaine to someone who in turn gave it to the officer.
The Defendant's appellate counsel asserts that her brief conforms to the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserts that she has reviewed the record of the Defendant's guilty plea proceedings, and that it contains no non-frivolous issues that may be raised on appeal.
In State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), the Fourth Circuit established the procedures to be followed when appellate counsel seeks to withdraw under Anders. Those were adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110,[2] and expanded by the Louisiana *945 Supreme Court in State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam). According to Anders, 386 U.S. at 744, 87 S.Ct. at 1400, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."
To comply with Jyles, appellate counsel must not only review the procedural history of the case and the evidence presented at trial. His or her brief must contain "`a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" Jyles, 96-2669 at p. 3, 704 So.2d at 242 (quoting State v. Mouton, 95-0981, p. 1 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam)). A brief which simply states that there are no non-frivolous issues, without some discussion, and which only requests a review for errors patent, is ordinarily disallowed. State v. Singleton, 03-1307, p. 4 (La.App. 5 Cir. 3/30/04), 871 So.2d 596, 598. If, after independent review, the appellate court finds a legal point that is arguable on the merits, it may either deny appellate counsel's motion to withdraw and order him to file a brief arguing that point, or it may grant the motion to withdraw and appoint substitute counsel. State v. Anderson, 01-789, p. 5 (La.App. 5 Cir. 1/15/02), 807 So.2d 956, 959, writ denied, 02-0569 (La.1/24/03), 836 So.2d 42 (citation omitted).
The Defendant's appellate counsel has complied with the requirements of Anders and Jyles. Additionally, a review of the record reveals no non-frivolous issues for appeal. As counsel notes, the trial judge advised the Defendant of his three Boykin rights: the right to a jury trial, the right of confrontation, and the privilege against self-incrimination. The judge also ascertained that the Defendant understood his rights, and that he was waiving them knowingly and voluntarily.
A defendant who pleads guilty normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Doussan, 05-586, p. 16 (La.App. 5 Cir. 2/14/06), 924 So.2d 333, 344, writ denied, 06-0608 (La.10/13/06), 939 So.2d 372. Here, there is no trial court ruling from which the Defendant *946 might have appealed, since none of his pretrial motions were heard.[3]
Article 881.2A(2) of the Louisiana Code of Criminal Procedure provides that "[a] defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." A defendant is thus precluded from raising a claim of excessiveness on appeal when the imposed sentence is the product of a plea agreement. State v. Jones, 05-840, p. 14 (La.App. 5 Cir. 3/28/06), 927 So.2d 514, 528. The Defendant's 17-year sentence was imposed as part of a plea agreement. As part of the plea bargain, the State agreed not to file a habitual offender bill.
Based on the foregoing, we do not find any non-frivolous issues for appeal.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Polizzi, 05-478, p. 18 (La.App. 5 Cir. 2/14/06), 924 So.2d 303, 315.
We find one patent error. The Defendant received an illegally lenient sentence, because the trial judge failed to impose a mandatory fine. See: La. R.S.40:981.3 E(1).[4] Neither the State nor the Defendant raises the issue.
In State v. Campbell, 01-0329 (La.11/2/01), 799 So.2d 1136 (per curiam), the Louisiana Supreme Court stated, "An appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and which resulted in dispositions of the cases favorable to the defendant."
This Court has generally followed Campbell. See: State v. Grant, 04-341, pp. 4-5 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598; State v. Massey, 02-872, p. 7 (La.App. 5 Cir. 2/11/03), 841 So.2d 862, 865, writ denied, 03-0805 (La.10/17/03), 855 So.2d 758. Consequently, we will refrain from exercising the Court's authority under La.C.Cr.P. art. 882 to correct illegal sentences at any time.
Accordingly, counsel motion to withdraw as attorney for the Defendant in this matter is hereby granted.
Furthermore, the Defendant's conviction and sentence are hereby affirmed.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] Quoting Benjamin, 573 So.2d at 530, the court set out the following requirements:

1. A court-appointed appellate attorney may file a motion to withdraw if the attorney, after a conscientious and thorough review of the trial court record, determines that the appeal is wholly frivolous. One copy of the motion, prepared for the signature of three judges, should be filed.
2. The appellant's brief should accompany the motion to withdraw. The brief shall comply with Rule 2-12, Uniform Rules, Courts of Appeal, and should include a thorough review of the procedural history of the case, a review of the facts of the case, a reference to anything in the record that might arguably support the appeal or a statement negating the presence of such, and a statement, either in the motion to withdraw or the appellant's brief, that counsel, after a conscientious and thorough review of the trial court record, can find no non-frivolous issues to raise on appeal and no ruling of the trial court which arguably supports the appeal.
3. Counsel shall attach to the appellant's brief proof that a copy of the motion and the brief were forwarded to the appellant, with a notation whether the appellant has/has not received a copy of the trial court record and/or trial transcript. Counsel shall inform the appellant that he or she may file a supplemental brief in his or her own behalf.
4. After receiving the brief and motion, this Court shall notify the appellant that he or she should inform the court in writing within thirty days if he or she intends to file a brief.
5. If the Court finds, after an independent review of the record, that the appeal is wholly frivolous, it may grant the motion and affirm the conviction or trial court judgment. If the Court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the Court, or grant the motion and appoint substitute appellant counsel.
[3] A defendant waives all pending motions by permitting trial to proceed without raising the issue that his pre-trial motions were neither heard nor ruled on. State v. Fletcher, 02-707, p. 5 (La.App. 5 Cir. 12/30/02), 836 So.2d 557, 559, writ denied, 03-0409 (La.10/10/03), 855 So.2d 334.
[4] At the time of the instant offense, La.R.S. 40:981.3 E(1) provided, "Whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and be imprisoned for not more than one and one-half times the longest term of imprisonment authorized by the applicable provisions of R.S. 40:966 through 970." At that time, the maximum fine authorized under La.R.S. 40:967 B (4)(b) for distribution of cocaine was $50,000.