1 So.3d 802 (2009)
STATE of Louisiana
v.
Perry A. SMITH.
No. 08-KA-528.
Court of Appeal of Louisiana, Fifth Circuit.
January 13, 2009.
Rehearing Denied February 17, 2009.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Desiree M. Valenti, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Prentice L. White, Attorney at Law, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
FREDERICKA HOMBERG WICKER, Judge.
In this criminal proceeding, Perry A. Smith appeals his guilty plea conviction and sentence. The defendant was charged by bill of information with possession of a firearm by a convicted felon, La.R.S. 14:95.1, allegedly occurring on January 16, 2007. Later that year, the defendant pleaded guilty to the amended, lesser included offense of attempted possession of a firearm by a convicted felon, La.R.S. 14:27 and R.S. 14:95.1. The defendant also pleaded guilty to an unrelated charge of possession of heroin, a violation of La.R.S. 40:966(C). Pursuant to a negotiated plea agreement, the trial judge sentenced the defendant to five-year concurrent sentences in the instant matter, proceeding number 07-1087, and in the unrelated bill, proceeding number 05-5258. The trial judge further ordered that only the first three years be served in the Department of Corrections. That three years was to be served without benefit of parole, probation, or suspension of sentence. After three years of imprisonment, the defendant was ordered to be placed on home incarceration for the remaining two-year term. As part of the defendant's plea bargain, the state agreed not to file a habitual offender bill of information.
*803 In 2008, the defendant filed a pro se timely application for post-conviction relief. Upon finding that the defendant had not exhausted his appeal rights, the trial judge granted the defendant an out-of-time appeal. The defendant's application for post-conviction relief and the order granting the appeal pertain solely to the instant matter, proceeding number 07-1087. Therefore, proceeding number 05-5258 is not the subject of this appeal.[1]
On appeal, the defendant argues that the trial judge erred in granting him an appeal before holding an evidentiary hearing on his claim that his trial counsel was ineffective in failing to advise him that he was agreeing to a sentence imposed without benefit of parole, probation, or suspension of sentence. The defendant maintains that he would not have pleaded guilty had he known his sentence would be imposed without the statutory benefits. He further contends that the district court erred in dismissing the ineffective assistance and illegal sentencing claims he urged in his application for post-conviction relief without addressing the merits. The thrust of his argument is that he should be allowed to withdraw his plea to attempted possession of a firearm by a felon because his plea was unknowingly entered. Upon error patent review, we find that the sentence for attempted possession of a firearm by a felon is illegal. Accordingly, we pretermit a discussion of the defendant's assigned errors. We follow the principles enunciated in State v. Campbell, 01-0329 (La.11/2/01), 799 So.2d 1136 (per curiam) and State v. Williams, 00-1725, pp. 16-17 (La.11/28/01), 800 So.2d 790, 797. Hence, we annul and set aside the sentence imposed for attempted possession of a firearm by a felon, and remand for further proceedings.

ILLEGAL SENTENCE
An error patent review shows that the trial court imposed an illegal sentence. The court ordered that in lieu of imprisonment that the remaining two years of the defendant's five-year sentence be served in home incarceration, even though the home incarceration article prohibits home incarceration in this case.
The defendant entered a guilty plea to attempted possession of a firearm by a convicted felon. La.R.S. 14:95.1(B), pertinently provides that whoever is found guilty of being a convicted felon in possession of a firearm "shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence [.]" (Emphasis added). Therefore, the penalty provision for possession of a firearm by a convicted felon mandates imposition of the statutory restrictions. It also provides that the sentence be served at hard labor.
The attempt statute, La.R.S. 14:27(D)(3), pertinently provides that whoever attempts to commit a crime shall be punished "in the same manner as for the offense attempted[.]" In State ex rel. Sullivan v. Maggio, 432 So.2d 854, 857 (La. 1983), the Supreme Court analyzed the "in the same manner" phrase as it applied to an attempted armed robbery offense. The *804 armed robbery crime, like the instant crime, required the statutory restrictions. The Court held: "A realistic and genuine construction of the two provisions requires that persons who attempt armed robbery shall be punished at hard labor without benefit of parole, probation or suspension of sentence." Id. We agree with the Third Circuit that the same reasoning applies to the crime of attempted possession of a firearm by a convicted felon. See: State v. Everett, 05-214, p. 4 (La.App. 3 Cir. 11/2/05), 916 So.2d 1210, 1212. Therefore, the defendant's sentence for attempted possession of a firearm by a convicted felon in this case required imprisonment without benefit of probation, parole, or suspension of sentence.
Moreover, La. Const, art. I, § 17 and La.C.Cr.P. art. 782(A) provide different jury requirements for relative felonies[2] and hard felonies. A person is entitled to a twelve-person jury for a crime such as possession of a firearm by a convicted felon, a crime necessarily punishable by imprisonment at hard labor. But, he is entitled to a six-person jury for a crime punishable by a term of imprisonment with or without hard labor. Id. Those jury requirements apply as well to attempted offenses. See: State v. Palermo, 00-2488, p. 11 (La.5/31/02), 818 So.2d 745, 753. Here, the sentence for possession of a firearm by a felon is at hard labor; it is not a relative felony. Likewise, the sentence for the attempt is a hard felony.
The trial judge imposed the statutory restrictions on the three-year portion of the sentence. However, he imposed home incarceration in lieu of imprisonment, for the remaining two-year term. Since he imposed home incarceration in lieu of imprisonment, La.C.Cr.P. art. 894.2 governs.
La.C.Cr.P. art. 894.2(A)(1) provides that a defendant may be sentenced to home incarceration in lieu of imprisonment where "[t]he defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or without hard labor." (Emphasis added). Thus, under Article 894.2(A)(1), a defendant who is convicted of a felony, which imposes statutory restrictions on the sentence, is still eligible for home incarceration provided that the felony is one that is "punishable with or without hard labor," i.e. a relative felony.
The Louisiana Supreme Court recognized the trial judge's authority under Article 894.2 "to sentence a defendant to home incarceration in lieu of imprisonment, even though the statute the defendant was convicted under requires the defendant be sentenced to a term of imprisonment without benefit of probation, parole, or suspension of sentence." State v. Rome, 96-0991, p. 5 (La.7/1/97), 696 So.2d 976, 979. (Citation omitted). But, the Court also recognized that "before the trial judge may sentence a defendant to home incarceration in lieu of a traditional corrections facility, the defendant must satisfy all of the criteria established by La.C.Cr.P. art. 894.2." Id.
In Rome, the defendant case met "the requirements of paragraph (A)(1) of the statute as he was convicted of a felony punishable with or without labor." 96-0991 at 5, 696 So.2d at 979. His sentence was illegal, however, on other grounds. *805 Former Article 894.2,[3] which is not applicable here, required the Department of Public Safety and Corrections through the division of probation and parole's prior recommendation before sentencing the defendant to home incarceration in lieu of imprisonment. 96-0991 at 5, 8, 696 So.2d at 979, 981. The Court annulled and set aside the illegal sentence because that requirement had not been met. 96-0991 at 8, 696 So.2d at 979, 981
In the present case, the trial judge could not impose a sentence of home incarceration because the felony is not one that is "punishable with or without hard labor," i.e. a relative felony. Thus, the sentence is illegal. "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." La.C.Cr.P. art. 882.
In this case, the defendant bargained for and received a negotiated sentence and an agreement that the state would not file a habitual offender bill. As such, a sentencing errors patent review would necessarily affect the negotiated plea bargained sentence. Even so, a defendant does not have a constitutional or statutory right to an illegal sentence. State v. Williams, 00-1725, pp. 16-17 (La.11/28/01), 800 So.2d 790, 797.
We are mindful that the Louisiana Supreme Court cautions against exercising error patent review to disturb a negotiated plea. In State v. Campbell, 01-0329 (La.11/2/01), 799 So.2d 1136 (per curiam) (citation omitted), the Supreme Court stated that, "[a]n appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and which resulted in the dispositions of the cases favorable to the defendant." Thus, the purpose of the Campbell edict is to avoid vacating the guilty plea and providing the defendant with a remedy that he did not request. As such, the edict applies to an error patent review of guilty pleas. State v. Robinson, 06-1406 (La.12/8/06), 943 So.2d 371, 372 (per curiam) ("[A] guilty plea colloquy is not part of the record for purposes of error patent review.").
Still, recognizing the impact that a negotiated illegal sentence has on a plea bargain, this court has considered the Campbell prohibition in its sentencing error patent review where a negotiated illegally lenient sentence is based on a plea bargain. In some situations, we have exercised our discretion and refrained from the court's authority under La.C.Cr.P. art. 882 to correct illegal sentences at any time. See: State v. Thomas, 07-940, p. 6 (La.App. 5 Cir. 3/25/08), 983 So.2d 943, 946; State v. Grant, 04-341, pp. 4-5 (La. App. 5 Cir. 10/26/04), 887 So.2d 596, 598.
In other situations, however, we have chosen to recognize such error patent. See: State v. Hines, 07-313, pp. 2-3 (La. App. 5 Cir. 11/27/07), 970 So.2d 707, 709; State v. Quinones, 03-907, pp. 11-12 (La. App. 5 Cir. 12/30/03), 864 So.2d 824, 831.
But in recognizing the error patent in Hines and Quinones, we left intact the *806 guilty pleas. We vacated the sentences and reserved the defendant's right to withdraw his guilty pleas. Thus, we guarded against the Campbell prohibition of setting aside the pleas, which were indirectly affected by the negotiated illegally lenient sentences.
In this case, we exercise our discretion to notice the illegally lenient sentence.
In conclusion, the sentence for attempted possession of a firearm by a convicted felon, which imposed home incarceration in lieu of imprisonment is annulled and set aside, and the case is remanded to the district court in order that the defendant may be sentenced according to the law. However, we reserve the defendant's right to withdraw his guilty plea to the offence of attempted possession of a firearm by a convicted felon since it was predicated on the waiver of Boykin constitutional rights.

DECREE
We hereby affirm the defendant's conviction of attempted possession of a firearm by a felon. The sentence is annulled and set aside and the case remanded to the trial court for resentencing. The defendant's right to withdraw his plea of guilty to the crime of attempted possession of a firearm is reserved.
CONVICTION AFFIRMED; ATTEMPTED POSSESSION OF FIREARM BY CONVICTED FELON SENTENCE ANNULLED AND SET ASIDE; CASE REMANDED.
GUIDRY, J., dissents with reasons.
GUIDRY, J., dissents with reasons.
I respectfully disagree with the action taken by the majority, vacating the Defendant's negotiated sentence entered pursuant to a plea bargain. See State v. Campbell, 01-0329 (La.11/2/01), 799 So.2d 1136.
The Defendant pled guilty and was sentenced on September 27, 2007. On April 28, 2008, he filed an application for post-conviction relief arguing that his counsel was ineffective. He requested an evidentiary hearing. Instead of addressing the asserted claim, the trial judge, on his own motion, gave the Defendant an out of time appeal. On appeal, the Defendant argues that his case should be remanded to the district court for an evidentiary hearing on his claim of ineffective assistance of counsel. Instead, the majority "affirms" his conviction, vacates his bargained for sentence, and reserves to the Defendant the right to withdraw his plea. In my view, this Court erred in doing so and should have, instead, remanded the case for an evidentiary hearing on the Defendant's ineffective assistance of counsel claim.
It is well settled that ineffective assistance of counsel claims are generally addressed in post-conviction proceedings rather than on direct appeal, State v. Demise, XXXX-XXXX, p. 35 (La.4/3/01), 802 So.2d 1224, 1247-1248, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001), to allow the trial court to conduct, if warranted, a full evidentiary hearing, State v. Howard, XXXX-XXXX, p. 15 (La.4/23/99), 751 So.2d 783, 802, cert, denied, 528 U.S. 974, 120 S.Ct. 420, 145 L.Ed.2d 328 (1999). State v. Berry, 08-151 (La.App. 5 Cir. 6/19/08), 989 So.2d 120; State v. Nguyen, 06-969 (La.App. 5 Cir. 4/24/07), 958 So.2d 61, 65, writ denied, 07-1161 (La.12/7/07), 969 So.2d 628 (citing State v. Truitt, 500 So.2d 355 (La.1987)). This case exemplifies the reason for the rule. Defendant's claim, that his counsel was ineffective for failing to advise him that his sentence would be served without benefit of parole, probation or suspension of sentence, cannot be addressed on appeal because we have no record from which to determine its merit.
*807 Defendant filed his claim as a post-conviction relief application asking for an evidentiary hearing. He did not ask for or want an out of time appeal because he knew his claim could not be considered on appeal. On appeal, he asks only for a remand for an evidentiary hearing. Therefore, in my view, rather than "affirming" his conviction and vacating his bargained for sentence, this Court should remand the case for an evidentiary hearing on the Defendant's ineffective assistance of counsel claim. Accordingly, I dissent.

APPLICATION FOR REHEARING
Rehearing denied.
GUIDRY, J., Grants Rehearing with Reason.
The Defendant filed an application for post-conviction relief alleging that his counsel was ineffective and requesting an evidentiary hearing. He did not simply assert a motion to withdraw his guilty plea. I vote to grant the rehearing and would order the case remanded for an evidentiary hearing on the Defendant's ineffective assistance or counsel claim.
WICKER, J. Denies Rehearing with Reasons:
Mr. Smith requests a rehearing in this case arguing that this Court should vacate its judgment that corrected an illegal negotiated sentence. Mr. Smith states that he does not complain of his sentence. Rather, he seeks an evidentiary hearing on his post-conviction claim that trial counsel was ineffective for failing, to advise him that his five-year sentence had the statutory restrictions of parole, probation, and suspension of sentence. He claims that had he been properly informed, he would have elected to proceed to trial or attempted to negotiate a more favorable plea with the state. For the forgoing reasons, I vote to deny Mr. Smith's application for rehearing.
The thrust of Mr. Smith's argument on appeal is that his guilty plea was induced by counsel's alleged failure to advise him of the restrictions. State v. Dixon, 449 So.2d 463, 464, 465 (La.1984) (citations omitted) held that under settled law, a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such cases, the defendant has been denied due process of law because the plea was not entered freely and knowingly. Even when there is no such agreement, if a defendant justifiably believed there was and pleaded guilty in part because of that justifiable belief, the guilty plea was not knowingly made. The remedy in such a case is to either enforce the bargain or to allow a defendant to withdraw the guilty plea. In State v. Dixon, the Louisiana Supreme Court recognized that a post-sentencing motion to withdraw a guilty plea based on a constitutional infirmity can be brought either by appeal or by post-conviction relief. 449 So.2d at 464.
Therefore, Mr. Smith raised an issue cognizable on appeal. However, a defendant does not have a constitutional or statutory right to an illegal sentence. State v. Williams, 00-1725, pp. 16-17 (La.11/28/01), 800 So.2d 790, 797.
A plea agreement with a negotiated illegal sentence is an absolute nullity which cannot be confirmed on appeal. State v. Hines, 07-313, p. 4, 970 So.2d 707, 709. Therefore, Mr. Smith is not entitled to specific performance of the plea agreement that provided for an illegal sentence. As such, he is only entitled to his alternate requested remedy of electing to proceed to trial or attempting to negotiate a more favorable plea with the state.
*808 By vacating the illegal sentence and reserving Mr. Smith's right to withdraw his guilty plea, we have provided Mr. Smith with the remedy he seeks which is provided by law. Furthermore, in keeping with State v. Campbell, 01-329, p. 1 (La.11/2/01), 799 So.2d 1136, we did not vacate the defendant's guilty plea, but reserved to him the right to maintain his guilty plea in light of the mandatory statutory restrictions or to withdraw his guilty plea prior to resentencing on remand. See: State v. Chisley, 03-426, pp. 9-10 (La.App. 5 Cir. 10/15/03), 860 So.2d 45, 50-51, writ denied, 03-3358 (La.4/2/04), 869 So.2d 874. See also: State v. Leday, 05-1641, p. 6 (La.App. 3 Cir. 5/3/06), 930 So.2d 286, 289-90, citing State v. Chisley.
Accordingly, I vote to deny the application for rehearing.
NOTES
[1] The confusion arose when the defendant filed his pro se application for post-conviction relief, which referred only to the instant matter in the caption. We note that the form for the Uniform Application for Post-Conviction Relief provided that the Clerk would provide the docket number of the proceeding. A review of that application reveals that the defendant discussed both plea convictions. Thus, it appears that he intended to seek relief as to both of them. The trial judge, however, granted an appeal as to the instant matter only since just that district court number (which apparently was provided by the Clerk and not the defendant) was listed on the defendant's pleading.
[2] The expression "relative felony" is used to refer to crimes for which hard labor may or may not be imposed. Such "relative felonies" are tried by six-member juries. See, e.g., State v. Robinson, 361 So.2d 864, 865, n. 1 (La.1978) (per curiam) (Court refers to such crimes as "relative felonies"); State v. Boudreaux, 526 So.2d 230, 231-32 (La.App. 5 Cir. 1988), writ denied, 532 So.2d 176 (La. 1988) ("Aggravated battery is a relative felony punishable by imprisonment with or without hard labor for not more than ten years.").
[3] Article 894.2(2) now provides: "In felony cases, the Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration, or the district attorney recommends home incarceration, or, after contradictory hearing, the court determines that home incarceration would serve the best interests of justice." The 1997 La. Acts, No. 663 amended the article to add: "or the district attorney recommends home incarceration, or, after contradictory hearing, the court determines that home incarceration would serve the best interests of justice." Thus, unlike the former article, the Department's recommendation is no longer the sole means by which the court can impose home incarceration.