FREDERICKA HOMBERG WICKER, Judge.
|2In this criminal proceeding, Perry A. Smith appeals his guilty plea conviction and sentence. The defendant was charged by bill of information with possession of a firearm by a convicted felon, La.R.S. 14:95.1, allegedly occurring on January 16, 2007. Later that year, the defendant pleaded guilty to the amended, lesser included offense of attempted possession of a firearm by a convicted felon, La.R.S. 14:27 and R.S. 14:95.1. The defendant also pleaded guilty to an unrelated charge of possession of heroin, a violation of La.R.S. 40:966(C). Pursuant to a negotiated plea agreement, the trial judge sentenced the defendant to five-year concurrent sentences in the instant matter, proceeding number 07-1087, and in the unrelated bill, proceeding number 05-5258. The trial judge further ordered that only the first three years be served in the Department of Corrections. That three years was to be served without benefit of parole, probation, or suspension of ^sentence. After three years of imprisonment, the defendant was ordered to be placed on home incarceration for the remaining two-year term. As part of the defendant’s plea bargain, the state agreed not to file a habitual offender bill of information.
*803 In 2008, the defendant filed a pro se timely application for post-conviction relief. Upon finding that the defendant had not exhausted his appeal rights, the trial judge granted the defendant an out-of-time appeal. The defendant’s application for post-conviction relief and the order granting the appeal pertain solely to the instant matter, proceeding number 07-1087. Therefore, proceeding number 05-5258 is not the subject of this appeal.[1]
On appeal, the defendant argues that the trial judge erred in granting him an appeal before holding an evidentiary hearing on his claim that his trial counsel was ineffective in failing to advise him that he was agreeing to a sentence imposed without benefit of parole, probation, or suspension of sentence. The defendant maintains that he would not have pleaded guilty had he known his sentence would be imposed without the statutory benefits. He further contends that the district court erred in dismissing the ineffective assistance and illegal sentencing claims he urged in his application for post-conviction relief without addressing the merits. The thrust of his argument is that he should be allowed to withdraw his plea to attempted possession of a firearm by a felon because his plea was unknowingly entered. Upon error patent review, we find that the sentence for attempted possession of a firearm by a felon is illegal. Accordingly, we pretermit a discussion of the defendant’s assigned errors. We follow the principles enunciated |4in State v. Campbell, 01-0829 (La.11/2/01), 799 So.2d 1136 (per curiam) and State v. Williams, 00-1725, pp. 16-17 (La.11/28/01), 800 So.2d 790, 797. Hence, we annul and set aside the sentence imposed for attempted possession of a firearm by a felon, and remand for further proceedings.
ILLEGAL SENTENCE
An error patent review shows that the trial court imposed an illegal sentence. The court ordered that in lieu of imprisonment that the remaining two years of the defendant’s five-year sentence be served in home incarceration, even though the home incarceration article prohibits home incarceration in this case.
The defendant entered a guilty plea to attempted possession of a firearm by a convicted felon. La.R.S. 14:95.1 (B), pertinently provides that whoever is found guilty of being a convicted felon in possession of a firearm “shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence [.]” (Emphasis added). Therefore, the penalty provision for possession of a firearm by a convicted felon mandates imposition of the statutory restrictions. It also provides that the sentence be served at hard labor.
The attempt statute, La.R.S. 14:27(D)(3), pertinently provides that whoever attempts to commit a crime shall be punished “in the same manner as for the offense attempted!)]” In State ex rel. Sullivan v. Maggio, 432 So.2d 854, 857 (La. 1983), the Supreme Court analyzed the “in the same manner” phrase as it applied to an attempted armed robbery offense. The *804 armed robbery crime, like the instant crime, required the statutory restrictions. The Court held: “A realistic and genuine construction of the two provisions requires that persons who attempt armed robbery shall be punished at hard labor without benefit of parole, probation or | ¡^suspension of sentence.” Id. We agree with the Third Circuit that the same reasoning applies to the crime of attempted possession of a firearm by a convicted felon. See: State v. Everett, 05-214, p. 4 (La.App. 3 Cir. 11/2/05), 916 So.2d 1210, 1212. Therefore, the defendant’s sentence for attempted possession of a firearm by a convicted felon in this case required imprisonment without benefit of probation, parole, or suspension of sentence.
Moreover, La. Const, art. I, § 17 and La.C.Cr.P. art. 782(A) provide different jury requirements for relative felonies[2] and hard felonies. A person is entitled to a twelve-person jury for a crime such as possession of a firearm by a convicted felon, a crime necessarily punishable by imprisonment at hard labor. But, he is entitled to a six-person jury for a crime punishable by a term of imprisonment with or without hard labor. Id. Those jury requirements apply as well to attempted offenses. See: State v. Palermo, 00-2488, p. 11 (La.5/31/02), 818 So.2d 745, 753. Here, the sentence for possession of a firearm by a felon is at hard labor; it is not a relative felony. Likewise, the sentence for the attempt is a hard felony.
The trial judge imposed the statutory restrictions on the three-year portion of the sentence. However, he imposed home incarceration in lieu of imprisonment, for the remaining two-year term. Since he imposed home incarceration in lieu of imprisonment, La.C.Cr.P. art. 894.2 governs.
La.C.Cr.P. art. 894.2(A)(1) provides that a defendant may be sentenced to home incarceration in lieu of imprisonment where “[t]he defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or |fiwithout hard labor.” (Emphasis added). Thus, under Article 894.2(A)(1), a defendant who is convicted of a felony, which imposes statutory restrictions on the sentence, is still eligible for home incarceration provided that the felony is one that is “punishable with or without hard labor,” i.e. a relative felony.
The Louisiana Supreme Court recognized the trial judge’s authority under Article 894.2 “to sentence a defendant to home incarceration in lieu of imprisonment, even though the statute the defendant was convicted under requires the defendant be sentenced to a term of imprisonment without benefit of probation, parole, or suspension of sentence.” State v. Rome, 96-0991, p. 5 (La.7/1/97), 696 So.2d 976, 979. (Citation omitted). But, the Court also recognized that “before the trial judge may sentence a defendant to home incarceration in lieu of a traditional corrections facility, the defendant must satisfy all of the criteria established by La.C.Cr.P. art. 894.2.” Id.
In Rome, the defendant case met “the requirements of paragraph (A)(1) of the statute as he was convicted of a felony punishable with or without labor.” 96-0991 at 5, 696 So.2d at 979. His sentence was illegal, however, on other grounds. *805 Former Article 894.2,[3] which is not applicable here, required the Department of Public Safety and Corrections through the division of probation and parole’s prior recommendation before sentencing the defendant to home incarceration in lieu of imprisonment. 96-0991 at 5, 8, 696 So.2d at 979, 981. The Court annulled and set aside the illegal sentence because that requirement had not been met. 96-0991 at 8, 696 So.2d at 979, 981
7In the present case, the trial judge could not impose a sentence of home incarceration because the felony is not one that is “punishable with or without hard labor,” i.e. a relative felony. Thus, the sentence is illegal. “An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.” La.C.Cr.P. art. 882.
In this case, the defendant bargained for and received a negotiated sentence and an agreement that the state would not file a habitual offender bill. As such, a sentencing errors patent review would necessarily affect the negotiated plea bargained sentence. Even so, a defendant does not have a constitutional or statutory right to an illegal sentence. State v. Williams, 00-1725, pp. 16-17 (La.11/28/01), 800 So.2d 790, 797.
We are mindful that the Louisiana Supreme Court cautions against exercising error patent review to disturb a negotiated plea. In State v. Campbell, 01-0329 (La.11/2/01), 799 So.2d 1136 (per curiam) (citation omitted), the Supreme Court stated that, “[a]n appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and which resulted in the dispositions of the cases favorable to the defendant.” Thus, the purpose of the Campbell edict is to avoid vacating the guilty plea and providing the defendant with a remedy that he did not request. As such, the edict applies to an error patent review of guilty pleas. State v. Robinson, 06-1406 (La.12/8/06), 943 So.2d 371, 372 (per curiam) (“[A] guilty plea colloquy is not part of the record for purposes of error patent review.”).
Still, recognizing the impact that a negotiated illegal sentence has on a plea bargain, this court has considered the Campbell prohibition in its sentencing error patent review where a negotiated illegally lenient sentence is based on a plea bargain. In some situations, we have exercised our discretion and refrained from lathe court’s authority under La.C.Cr.P. art. 882 to correct illegal sentences at any time. See: State v. Thomas, 07-940, p. 6 (La.App. 5 Cir. 3/25/08), 983 So.2d 943, 946; State v. Grant, 04-341, pp. 4-5 (La. App. 5 Cir. 10/26/04), 887 So.2d 596, 598.
In other situations, however, we have chosen to recognize such error patent. See: State v. Hines, 07-313, pp. 2-3 (La. App. 5 Cir. 11/27/07), 970 So.2d 707, 709; State v. Quinones, 03-907, pp. 11-12 (La. App. 5 Cir. 12/30/03), 864 So.2d 824, 831.
But in recognizing the error patent in Hines and Quinones, we left intact the *806 guilty pleas. We vacated the sentences and reserved the defendant’s right to withdraw his guilty pleas. Thus, we guarded against the Campbell prohibition of setting aside the pleas, which were indirectly affected by the negotiated illegally lenient sentences.
In this case, we exercise our discretion to notice the illegally lenient sentence.
In conclusion, the sentence for attempted possession of a firearm by a convicted felon, which imposed home incarceration in lieu of imprisonment is annulled and set aside, and the case is remanded to the district court in order that the defendant may be sentenced according to the law. However, we reserve the defendant’s right to withdraw his guilty plea to the offence of attempted possession of a firearm by a convicted felon since it was predicated on the waiver of Boykin constitutional rights.
DECREE
We hereby affirm the defendant’s conviction of attempted possession of a firearm by a felon. The sentence is annulled and set aside and the case | flremanded to the trial court for resentencing. The defendant’s right to withdraw his plea of guilty to the crime of attempted possession of a firearm is reserved.

CONVICTION AFFIRMED; ATTEMPTED POSSESSION OF FIREARM BY CONVICTED FELON SENTENCE ANNULLED AND SET ASIDE; CASE REMANDED.

GUIDRY, J., dissents with reasons.

. The confusion arose when the defendant filed his pro se application for post-conviction relief, which referred only to the instant matter in the caption. We note that the form for the Uniform Application for Post-Conviction Relief provided that the Clerk would provide the docket number of the proceeding. A review of that application reveals that the defendant discussed both plea convictions. Thus, it appears that he intended to seek relief as to both of them. The trial judge, however, granted an appeal as to the instant matter only since just that district court number (which apparently was provided by the Clerk and not the defendant) was listed on the defendant’s pleading.

. The expression "relative felony” is used to refer to crimes for which hard labor may or may not be imposed. Such "relative felonies” are tried by six-member juries. See, e.g.. State v. Robinson, 361 So.2d 864, 865, n. 1 (La. 1978) (per curiam) (Court refers to such crimes as "relative felonies”); State v. Boudreaux, 526 So.2d 230, 231-32 (La.App. 5 Cir.1988), writ denied, 532 So.2d 176 (La. 1988) ("Aggravated battery is a relative felony punishable by imprisonment with or without hard labor for not more than ten years.”).

. Article 894.2(2) now provides: “In felony cases, the Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration, or the district attorney recommends home incarceration, or, after contradictory hearing, the court determines that home incarceration would serve the best interests of justice.” The 1997 La. Acts, No. 663 amended the article to add: “or the district attorney recommends home incarceration, or, after contradictory hearing, the court determines that home incarceration would serve the best interests of justice.” Thus, unlike the former article, the Department’s recommendation is no longer the sole means by which the court can impose home incarceration.