GUIDRY, J.,
dissents with reasons.
Ill respectfully disagree with the action taken by the majority, vacating the Defendant’s negotiated sentence entered pursuant to a plea bargain. See State v. Campbell, 01-0329 (La.11/2/01), 799 So.2d 1136.
The Defendant pled guilty and was sentenced on September 27, 2007. On April 28, 2008, he filed an application for post-conviction relief arguing that his counsel was ineffective. He requested an evidentiary hearing. Instead of addressing the asserted claim, the trial judge, on his own motion, gave the Defendant an out of time appeal. On appeal, the Defendant argues that his case should be remanded to the district court for an evidentiary hearing on his claim of ineffective assistance of counsel. Instead, the majority “affirms” his conviction, vacates his bargained for sentence, and reserves to the Defendant the right to withdraw his plea. In my view, this Court erred in doing so and should have, instead, remanded the case for an evidentiary hearing on the Defendant’s ineffective assistance of counsel claim.
It is well settled that ineffective assistance of counsel claims are generally addressed in post-conviction proceedings rather than on direct appeal, State v. Denise, 1998-0541, p. 35 (La.4/3/01), 802 So.2d 1224, 1247-1248, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001), to allow the trial court to conduct, if warranted, a full evidentiary hearing, State v. Howard, 1998-0064, p. 15 (La.4/23/99), 751 So.2d 783, 802, cert. denied, 528 U.S. 974, 120 S.Ct. 420, 145 L.Ed.2d 328 (1999). State v. Berry, 08-151 (La.App. 5 Cir. 6/19/08), 989 So.2d 120; State v. Nguyen, 06-969 (La.App. 5 Cir. 4/24/07), 958 So.2d 61, 65, writ denied, 07-1161 (La.12/7/07), 969 So.2d 628 (citing State v. Truitt, 500 So.2d 355 (La.1987)). This case exemplifies the reason for the rule. Defendant’s claim, that his counsel was ineffective for failing to advise him that his sentence would be served without benefit of parole, probation or suspension of sentence, cannot be addressed on appeal because we have no record from which to determine its merit.
*807 Defendant filed his claim as a post-conviction relief application asking for an evi-dentiary hearing. He did not ask for or want an out of time appeal because he knew his claim could not be considered on appeal. On appeal, he asks only for a remand for an evidentiary hearing. Therefore, in my view, rather than “affirming” his conviction and vacating his bargained for sentence, this Court should remand the case for an evidentiary hearing on the Defendant’s ineffective assistance of counsel claim. Accordingly, I dissent.