APPLICATION FOR REHEARING
Rehearing denied.
GUIDRY, J.,
Grants Rehearing with Reason.
_JjThe Defendant filed an application for post-conviction relief alleging that his counsel was ineffective and requesting an evidentiary hearing. He did not simply assert a motion to withdraw his guilty plea. I vote to grant the rehearing and would order the case remanded for an evidentiary hearing on the Defendant’s ineffective assistance or counsel claim.
WICKER, J.
Denies Rehearing with Reasons:
hMr. Smith requests a rehearing in this case arguing that this Court should vacate its judgment that corrected an illegal negotiated sentence. Mr. Smith states that he does not complain of his sentence. Rather, he seeks an evidentiary hearing on his post-conviction claim that trial counsel was ineffective for failing, to advise him that his five-year sentence had the statutory restrictions of parole, probation, and suspension of sentence. He claims that had he been properly informed, he would have elected to proceed to trial or attempted to negotiate a more favorable plea with the state. For the forgoing reasons, I vote to deny Mr. Smith’s application for rehearing.
The thrust of Mr. Smith’s argument on appeal is that his guilty plea was induced by counsel’s alleged failure to advise him of the restrictions. State v. Dixon, 449 So.2d 463, 464, 465 (La.1984) (citations omitted) held that under settled law, a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such cases, the defendant has been denied due process of law because the plea was not entered freely and knowingly. Even when there is no such agreement, if a defendant justifiably believed there was and pleaded guilty in part because of that justifiable belief, the guilty plea was not knowingly |2made. The remedy in such a case is to either enforce the bargain or to allow a defendant to withdraw the guilty plea. In State v. Dixon, the Louisiana Supreme Court recognized that a post-sentencing motion to withdraw a guilty plea based on a constitutional infirmity can be brought either by appeal or by post-conviction relief. 449 So.2d at 464.
Therefore, Mr. Smith raised an issue cognizable on appeal. However, a defendant does not have a constitutional or statutory right to an illegal sentence. State v. Williams, 00-1725, pp. 16-17 (La.11/28/01), 800 So.2d.790, 797.
A plea agreement with a negotiated illegal sentence is an absolute nullity which cannot be confirmed on appeal. State v. Hines, 07-313, p. 4, 970 So.2d 707, 709. Therefore, Mr. Smith is not entitled to specific performance of the plea agreement that provided for an illegal sentence. As such, he is only entitled to his alternate requested remedy of electing to proceed to trial or attempting to negotiate a more favorable plea with the state.
*808 By vacating the illegal sentence and reserving Mr. Smith’s right to withdraw his guilty plea, we have provided Mr. Smith with the remedy he seeks which is provided by law. Furthermore, in keeping with State v. Campbell, 01-329, p. 1 (La.11/2/01), 799 So.2d 1136, we did not vacate the defendant’s guilty plea, but reserved to him the right to maintain his guilty plea in light of the mandatory statutory restrictions or to withdraw his guilty plea prior to resentencing on remand. See: State v. Chisley, 03-426, pp. 9-10 (La.App. 5 Cir. 10/15/03), 860 So.2d 45, 50-51, writ denied, 03-3358 (La.4/2/04), 869 So.2d 874. See also: State v. Leday, 05-1641, p. 6 (La.App. 3 Cir. 5/3/06), 930 So.2d 286, 289-90, citing State v. Chisley.
^Accordingly, I vote to deny the application for rehearing.