841 So.2d 862 (2003)
STATE of Louisiana
v.
Walter MASSEY.
No. 02-KA-872.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 2003.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, Gretna, LA, for the State.
Jane L. Beebe, Gretna, LA, for appellant.
*863 Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
In this case, defendant appeals his conviction and sentence. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Officers of the Gretna Police Department received anonymous complaints about drug transactions occurring at the donut shop, motel and grocery located at the corner of Kepler and Solon Streets in Gretna, Louisiana. Acting on this information, Detective Russell Lloyd, Detective Scott Zemlick and another officer set up surveillance in that area on Wednesday, January 23, 2001, at approximately 2:30 p.m.
The informant told officers that the drug transactions normally occurred when a green, four-door Mercury would arrive in the area with the passenger of the vehicle delivering the cocaine. According to Detective Lloyd, shortly after the arrival of the officers at the specified location, a green four-door Mercury automobile approached the side of the donut shop and parked. The driver of the vehicle, later identified as Stanley Tucker, exited the vehicle. The three policemen, dressed in plain clothes, got out of their vehicle and moved toward the driver and passenger of the vehicle. The officers approached the passenger side of the vehicle and found defendant, later identified as Walter Massey, seated therein.
Officer Zemlick testified at trial that they identified themselves as police officers as they approached the men. As officers neared the car, they observed defendant retrieve a black canister from his right area near his midsection and throw it over his shoulder. Apparently, small rocks of cocaine fell from the object to the back seat and floor of the vehicle. The officers placed defendant under arrest, searched him and found three rocks of cocaine in his right front pocket.
On February 20, 2001, defendant, Walter Massey, was charged by bill of information with possession of cocaine in violation of La. R.S. 40:967(C). He was arraigned on February 21, 2001 and pled not guilty. On April 21, 2001, a motion to suppress hearing was held and the motion was denied. On May 21, 2001, defendant filed a Motion for Appointment of a Sanity Commission. On July 19, 2001, following the sanity hearing, the defendant was found competent to stand trial.
On September 24, 2001, a twelve-person jury unanimously found defendant guilty as charged. The defendant was sentenced on October 25, 2001 to five years imprisonment at hard labor with credit for time served. Also on October 25, 2001, the State filed a multiple bill, wherein it alleged the defendant to be a fourth felony offender under La. R.S. 15:529.1(A)(1)(c).[1] On November 29, 2001, following a hearing, the defendant admitted the allegations of the multiple bill in exchange for a negotiated multiple offender sentence of 15 years of imprisonment. The trial judge vacated defendant's original sentence and sentenced defendant as a multiple offender to imprisonment for 15 years at hard labor with credit for time served but without benefit of probation or suspension of sentence.
Defendant now appeals his conviction and sentence challenging the denial of his motion to suppress the evidence.

*864 DISCUSSION

The record indicates that defendant did not file a written motion to suppress the evidence. Although there was a suppression hearing, defendant did not object to the ruling on the motion to suppress or to the introduction of the contraband. The trial court denied the motion to suppress the evidence stating it thought it was "a good search." Defendant argues that the basis of the police action was based on an unsubstantiated tip by a confidential informant that did not give police probable cause for defendant's arrest or even reasonable suspicion for a stop. Thus, the trial court erred in granting the motion to suppress the evidence.
The Fourth Amendment of the United States Constitution and Article I, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Manson, 01-159, pp. 6-7 (La.App. 5 Cir. 6/27/01), 791 So.2d 749, 755. Warrantless searches and seizures are unreasonable per se unless justified by one of the specific exceptions to the warrant requirement. State v. Manson, supra, (citing Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)).
When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the State bears the burden of proving that the search and seizure was justified pursuant to one of the exceptions to the warrant requirement. State v. Jones, 99-972 (La. App. 5 Cir. 2/29/00), 757 So.2d 110, 112. The trial judge's determination on the motion to suppress will not be disturbed on appeal, unless it is clearly wrong. State v. Casey, 99-0023 (La. 1/26/00), 775 So.2d 1022, 1029, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000). In reviewing the ruling on the motion to suppress, the appellate court will look to the totality of the evidence as presented at the hearing of the motion and the trial. State v. Wilson, 00-0178 (La.12/8/00), 775 So.2d 1051, 1053; State v. Manson, 791 So.2d at 755.
Probable cause needed for a full custodial arrest is more than reasonable suspicion. State v. Fisher, 720 So.2d at 1183. Probable cause exists when the facts and circumstances known to the arresting officer, based on reasonably trustworthy information, are sufficient to justify a belief in a man of ordinary caution that the person to be arrested has committed a crime. State v. Edwards, 00-1246, p. 8 (La.6/1/01), 787 So.2d 981, 986, n. 4.
In this case, Detective Lloyd's testimony at the suppression hearing was uncontroverted. According to him, there were complaints of drug activity involving the donut shop at Kepler and Solon Streets. On January 23, 2001, acted on anonymous tip that indicated that a passenger in a green, four-door Mercury automobile would be going to the donut shop to deliver cocaine. This witness and two additional officers went to the location and parked awaiting the arrival of the green car. Shortly thereafter arriving at the location, a vehicle arrived matching the description parked at the side of the donut shop. As the driver of the vehicle exited the Mercury, the three officers, dressed in plain clothes approached. It was at this moment, according to Detective Lloyd, that the defendant reached toward his right side and threw the film canister over his shoulder, spilling cocaine into the back of the car.
Similarly, in State v. Johnson, 01-2436, (La.1/25/02), 806 So.2d 647, 648, the subject was approached by police as the result of an anonymous tip that there was a person meeting his description who was dealing heroin. As the officers exited *865 their vehicle and were observed to be police (although they had not identified themselves), the subject threw down a bag that contained heroin. The Louisiana Supreme Court, in Johnson, 806 So.2d at 648, held that the seizure of evidence was lawful.
In the instant case, the facts indicate that the officers approached the subjects and the defendant discarded the contraband prior to any stop. When the defendant discarded the contraband, without a prior intrusion on his privacy, he provided probable cause for his arrest. Defendant's assertion that police approached the car to make the arrest is not substantiated by the record. Thus, we find the contraband discarded into the back of the vehicle were lawfully seized without a warrant and the trial court properly denied the motion to suppress the evidence and affirm defendant's conviction.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals one error patent in this case as it relates to defendant's sentence as a multiple offender.
The negotiated sentence of fifteen years of imprisonment at hard labor imposed after defendant admitted to being a fourthfelony offender, appears to be illegally lenient under La. R.S.15:529.1(A)(1)(c)(ii). The record indicates that the defendant had three prior felony convictions: (1) a second offense for possession of marijuana, in violation of La. R.S. 40:966 on May 19, 2001; (2) a conviction for second degree battery, in violation of La. R.S. 14:34.1, on April 17, 2000; and (3) a conviction for aggravated battery in violation of La. R.S. 14:34, on December 12, 1989.
Defendant admitted to the allegations of the multiple bill, which stated that he was a fourth-felony offender. As a fourth-felony offender, with a prior conviction for a violent crime, defendant was subject to a mandatory life sentence without benefit of parole, probation or suspension of sentence under La. R.S. 15:529.1(A)(1)(c)(ii). However, neither the State nor defendant raises this issue on appeal.
We note that in State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, the Louisiana Supreme Court expanded our error patent review to include illegally lenient sentences. See, State v. Cox, 02-0333, p. 9 (La.App. 5 Cir. 9/30/02), 829 So.2d 521, 2002 La. LEXIS 2849. It is well established that the defendant does not have a constitutional or statutory right to an illegal sentence. State v. Williams, 00-1725, pp. 16-17 (La.11/28/01), 800 So.2d 790, 797. We note that the Louisiana Supreme Court stated the following in State v. Campbell, 01-0329 (La.11/2/01) 799 So.2d 1136:
The appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and which resulted in disposition of the case favorable to the defendant.
Following that edict, we will not disturb defendant's sentence. Accordingly, we affirm defendant's conviction and sentence.

CONCLUSION
Based on the foregoing, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Prior to amendment by 2001 La. Acts 403.