864 So.2d 204 (2003)
STATE of Louisiana
v.
Randolph WELCH.
No. 03-KA-905.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 2003.
*206 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Martin A. Bellanger, Assistant District Attorneys, Gretna, LA, Counsel for Plaintiff/Appellee.
Jane L. Beebe, Gretna, LA, Counsel for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
Defendant, Randolph Welch, was convicted of two counts of attempted first degree robbery and one count of first degree robbery in violation of LSA-R.S. 14:27:64.1 and 14:64.1. He pled guilty to the multiple bill and was sentenced to twenty-seven years imprisonment. He has appealed his convictions.

FACTS
Aleta Switzer testified that on March 31, 2002 she was working at the Winn Dixie on Belle Chasse Highway in Harvey behind the service counter when a man, later identified as defendant, Randolph Welch, approached the counter and handed her a note. The note said, "This is a robbery! I have a gun in my pocket and I will blow your head off if you don't give me all the bills from the register including the big bills under the money tray. Just give me the money and no one gets hurt. The choice is yours!" She explained that he had his hand in his jacket pocket and was poking it out. Ms. Switzer stated she never saw a gun, but believed he was armed.
Ms. Switzer testified that she panicked, turned around, and walked into the back office where she handed the note to a girl in the office. The girl called the manager, but Randolph Welch had left by the time the manager arrived. Ms. Switzer testified that she subsequently walked through the store and outside looking for him, who she described as having a lazy eye, but could not find him. The incident was reported to the police. Ms. Switzer testified that she later identified Randolph Welch from a photographic lineup.
Michelle Doucette testified that on April 13, 2002 she was working in the pharmacy at the Albertson's on Belle Chasse Highway when a man identified as Randolph Welch jumped over the counter in the pharmacy and demanded narcotic drugs from her. Ms. Doucette explained that he squatted below the counter top, had his hand in his jacket pocket, and was pointing it at her. Ms. Doucette explained that she never saw a weapon, but believed he was armed.
Ms. Doucette testified that she told Randolph Welch she did not have the keys to access the narcotic drugs, but offered to call someone to get the keys. He then demanded the cash from the cash register and Ms. Doucette again told him she did not have the keys. Ms. Doucette testified that she next picked up a stapler and tried to hit him at which time he ran out the door. Ms. Doucette testified that she looked for him, who she described as having a lazy eye, but was unable to locate him. The incident was reported to police and Ms. Doucette identified Randolph Welch from a photographic lineup.
Elizabeth Diaz testified that on April 16, 2002 she was working at Sun Coast Videos in Oakwood Mall when a man later identified as Randolph Welch walked into the store and handed her a note demanding money. Ms. Diaz testified that she told him she could not open the register. She explained that he became agitated, pounded his hand on the counter, and yelled, "I'm a f* * * * * * drug addict and I'll kill you, and this is just a job, it's not *207 worth your life." Ms. Diaz explained that although he did not tell her that he had a weapon, she believed he would kill her if she did not give him the money. Ms. Diaz opened the cash register and he took approximately $330.00 from the register. After reporting the incident to police, she identified Randolph Welch, who she described as having a lazy eye, from a photographic lineup.
At the conclusion of trial, the jury unanimously found Randolph Welch guilty of all three counts. A multiple Bill of Information was filed and Randolph Welch pled guilty to being a multiple offender.

LAW AND DISCUSSION:
When the parties first appeared for trial, defense counsel made an oral Motion to Sever the counts arguing the offenses occurred at different times and any advantage of judicial time frame was outweighed by prejudice to Randolph Welch in trying all three counts at the same time. The trial court denied the Motion to Sever and Randolph Welch proceeded to trial on all three counts. On appeal Randolph Welch argues the trial court erred in denying his Motion to Sever the three counts for the purpose of trial. He asserts he suffered prejudice when the three counts were tried together. He contends the jury was likely to assume he was guilty on at least one of the multiple counts against him. Randolph Welch further alleges the incidents were distinct with neither of the incidents being alike.
We disagree. Randolph Welch was charged with two counts of attempted first degree robbery and one count of first degree robbery. LSA-C.Cr.P. art. 493 permits the joinder of offenses if the offenses charged "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan" and if the offenses are triable by the same mode of trial. The three offenses with which Randolph Welch was charged are of the same character and are triable by the same mode of trial with the punishment for all three offenses being imprisonment at hard labor. See LSA-R.S. 14:64.1 and 14:27:64.1 and LSA-C.Cr.P. art. 782. Thus, the offenses were properly joined in the same Bill of Information.[1]
A defendant properly charged in the same Bill of Information with two or more offenses pursuant to LSA-C.Cr.P. art. 493 may nevertheless move for a severance of the offenses under LSA-C.Cr.P. art. 495.1, which provides: "If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires."
In determining whether prejudice results from a joinder of offenses, the trial court should consider the following factors: 1) whether the jury would be confused by the various counts; 2) whether the jury would be able to segregate the various charges and evidence; 3) whether the defendant would be confounded in presenting his various defenses; 4) whether the crimes charged would be used by the jury to infer a criminal disposition; and 5) whether, considering the nature of the charges, the charging of several crimes would make the jury hostile. State v. Every, *208 96-185 (La.App. 5 Cir. 7/30/96), 678 So.2d 952, 958, citing State v. Washington, 386 So.2d 1368 (La.1980).
A defendant alleging a prejudicial joinder of offenses has a heavy burden of proof. State v. Every, supra at 958. Motions to Sever under LSA-C.Cr.P. art. 495.1 are within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion. Id.
A review of the record shows the facts of each offense were simple and uncomplicated. The attempted robberies of Ms. Switzer and Ms. Doucette and the robbery of Ms. Diaz were similar in nature, occurred in the same vicinity of town, and occurred over a relatively short time span of two and a half weeks. In all three offenses, Randolph Welch entered a store, approached a female employee, and demanded money while implying he had a weapon. While the three offenses share enough similarities to make joinder permissible, the facts of each offense are not identical and are easily distinguishable from each other. See, State v. Deruise, 98-0541 (La.4/3/01), 802 So.2d 1224, 1232, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208, 70 USLW 3243 (U.S.La.10/1/01).
The evidence for each crime was presented chronologically and separately with each victim testifying as to only one offense. All three victims identified Randolph Welch through a photographic lineup prior to trial and each victim identified Randolph Welch as the perpetrator during their trial testimony. There was little likelihood that the jury was confused by the State's presenting evidence of the crimes together in one trial. Additionally, the record shows the jury was provided with separate verdict sheets for each count with the victim's name on it. See, State v. Porche, 01-2086 (La.App. 4 Cir. 5/22/02), 819 So.2d 1122, 1127, where the fact of separate verdict sheets containing the name of each victim was considered a factor in finding no error in the trial court's failure to sever for trial the various counts (four counts of first degree robbery and one count of armed robbery) against defendant.
Considering the simplicity of the facts of the offenses, the orderly presentation of evidence, and the positive identification of Randolph Welch as the perpetrator by all three victims, we find the jury was not confused by the joinder nor was there any prejudice to Randolph Welch. Randolph Welch offered no evidence that the joinder of the offenses hindered his right to present a defense.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
First, we note that the trial judge committed a sentencing error by ordering Randolph Welch's enhanced sentence of 27 years to be served concurrently "with any parole violation he may suffer as a result of these recent arrests."[2] Only the judge who revokes the probation can order the sentence on a probation revocation to run either concurrent or consecutively with the sentence on the later conviction. LSA-C.Cr.P. art. 901(C)(2); State v. Perrilloux, 99-1314 (La.App. 5 Cir. 5/17/00), 762 So.2d 198, 205-206. Thus, the trial court lacked authority to order Randolph Welch's 27 year enhanced sentence to be served concurrently *209 with any sentence he received in the revocation proceeding. Accordingly, we amend Randolph Welch's sentence to delete a portion of the sentence stating that Randolph Welch's 27 year enhanced sentence is to be served concurrently with any sentence he received in the revocation proceeding.
Second, although the commitment indicates Randolph Welch was advised of the two-year prescriptive period for filing an Application for Post-Conviction Relief pursuant to LSA-C.Cr.P. art. 930.8, the transcript does not. Generally, when there is a discrepancy between the transcript and the minute entry/commitment, the transcript prevails. State v. Lynch, Ail 441 So.2d 732, 734 (La.1983). Thus, the trial court is instructed to inform Randolph Welch of the two-year prescriptive period by sending written notice to him within ten days after the rendition of the appellate opinion and to file written proof in the record that he received such notice. State v. Miller, 02-729 (La.App. 5 Cir. 12/30/02), 836 So.2d 614, 618.
CONCLUSION:
For the foregoing reasons, Randolph Welch's conviction is affirmed. Randolph Welch's sentence is affirmed as amended. This matter is remanded to the trial court for the limited purpose of properly informing Randolph Welch of the time period for seeking post-conviction relief.
AFFIRM CONVICTION; AMEND SENTENCE AND REMAND FOR POST CONVICTION NOTICE.
NOTES
[1] See, State v. Cade, 539 So.2d 650, 653-654 (La.App. 5 Cir.1989), writ denied, 548 So.2d 1245 (La.1989), where this Court noted two counts of armed robbery and one count of attempted armed robbery were properly joined in the same Bill of Information even though the crimes occurred over a time span of one year.
[2] The record does not reflect that a revocation sentence had been imposed at the time of sentencing on the multiple bill.