FREDERICKA HOMBERG WICKER, Judge.
 

 [2This is a criminal proceeding in which the defendant/appellant Anthony T. Fon-tenberry seeks a Crosby appeal of his simple burglary guilty plea convictions and sentences and subsequent fourth felony finding and enhanced sentence.
 
 [1]
 
 The defendant assigns as error the trial court’s denial of a motion for severance of offenses. For the reasons that follow, we affirm the defendant’s simple burglary convictions, simple burglary sentences, habitual offender finding, and enhanced simple burglary sentence.
 

 PROCEDURAL HISTORY
 

 On December 22, 2005, the Jefferson Parish District Attorney’s Office filed a bill of information charging the defendant with five counts of simple burglary in violation of La. R.S. 14:62. The defendant pleaded not guilty at arraignment. | ¡¡Thereafter, the defendant filed a Motion for Severance of Offenses and a Motion for Daubert
 
 [2]
 
 Hearing Concerning Admissibility of Fingerprint Evidence. The trial judge heard and denied the Motion for Severance of Offenses. The court additionally ruled that fingerprint evidence was admissible that day.
 

 Counsel for the defendant orally advised the trial court of his intention to file an application for supervisory writs from the denial of the Motion for Severance of Offenses and the Motion for
 
 Daubert
 
 Hearing. No such writ was filed in this Court.
 
 [3]
 

 
 *907
 
 The defendant withdrew his guilty plea and entered a plea of guilty as charged.
 
 [4]
 
 He reserved the right to challenge the trial court’s pretrial rulings pursuant to
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). That same day, the trial court sentenced the defendant to a negotiated twelve year term of imprisonment at hard labor on each of the five simple burglary counts, to be served concurrently. The state thereafter filed a multiple offender bill of information as to count one of the bill of information to which the defendant had already pleaded guilty. In the multiple bill the state alleged the defendant was a fourth felony offender. The defendant stipulated that he had previously been convicted of the felonies set forth in the multiple offender bill of information. The trial court accepted the stipulation and determined that the defendant was a fourth felony offender. The trial court subsequently vacated its previous sentence as to count one on the first simple burglary charge and resen-tenced the defendant on that count to a negotiated term of | .^imprisonment at hard labor for thirty years without benefit of probation or suspension of sentence on that count. The trial court ordered that the thirty-year sentence be served concurrently with the remaining simple burglary charges. The defendant timely appealed.
 

 FACTS
 

 Because this case is before us on guilty pleas, the facts were gleaned from the bill of information, arrest reports, and probable cause affidavits. The bill of information alleges that the defendant committed five separate simple burglaries of five separate vehicles. In addition, the bill of information indicates that counts 1 and 3 occurred on or between August 10 and August 11, 2005, that counts 2 and 4 occurred on or about August 12, 2005, and that count 5 occurred on or between July 24 and July 30, 2005. The arrest reports and probable cause affidavits for each count are contained in the record. All of the arrest reports and probable cause affidavits indicate that the defendant either pried open a car window, smashed a car window, or cracked a windshield. Similarly, all of the arrest reports and probable cause affidavits indicate that the defendant either removed stereo equipment or ransacked his victims’ vehicles.
 

 In the Motion for Severance of Offenses, the defendant contended that “the number of offenses charged would cause the trier of fact difficulty in distinguishing the evidence and applying the law intelligently to each offense.” At the hearing on the Motion for Severance of Offenses, defense counsel argued that the matter involved five separate incidents with different witnesses and different evidence. Defense counsel additionally contended that trying the offenses together would give the jury the impression that defendant “must have done something.” The prosecutor replied that four of the five offenses occurred between August 10 and August 12, 2005 and that the fifth offense occurred approximately three weeks |fiprior to the commission of the other offenses. The prosecutor contended that the modus operandi was identical in each of the burglaries and that the offenses should be tried together in the interest of judicial economy. The prosecutor additionally contended that the separate incidents consisted of “different wit
 
 *908
 
 nesses ... different evidence” and that the state had ample evidence to convict the defendant on each simple burglary charge.
 

 CROSBY
 
 PLEAS
 

 In the instant case, the defendant entered a guilty plea pursuant to
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). He now seeks appellate review of the trial court’s denial of the motion for severance of offenses. Ordinarily, when a defendant enters a guilty plea, he waives all pre-plea nonjurisdictional defects.
 
 State v. Torres,
 
 281 So.2d 451 (La.1973). However, in
 
 State v. Crosby, supra,
 
 the Louisiana Supreme Court determined that the Louisiana courts of appeal may review assignments of error specifically reserved at the time a guilty plea is made and “where the trial court accepted the guilty plea so conditioned.”
 
 Id.
 
 at 588. The Crosby court only extended this ruling to those “assignments of error specifically reserved at the time of the plea of guilty.”
 
 Id.
 

 Accordingly, we must first determine which adverse pre-trial rulings the defendant reserved for appellate review. The record contains a contemporaneous guilty plea constitutional waiver form signed by the defendant, the trial judge, and the defendant’s counsel. The form contains a handwritten notation initialed by the defendant which states “[djefendant will maintain his appeal of the Court’s pre-trial rulings under
 
 Crosby.”
 
 Thus, the waiver form stated that the defendant reserved his right to appeal the motion for severance of offenses and the motion for
 
 Dau-bert
 
 hearing.
 

 IfiAt the hearing on the defendant’s guilty plea, defense counsel informed the court that he reviewed the guilty plea form with the defendant. He subsequently asked the court to accept the pleas under
 
 Crosby.
 
 Thereafter, the trial judge informed the defendant “you have the right to maintain the ruling under the Crosby case on the fingerprint pretrials that we talked about.” Considering the guilty plea form that was signed by all parties, it is apparent that the trial court’s use of the term “pretrials” encompassed both pretrial rulings.
 

 We therefore conclude that the defendant presented a detailed specification of which adverse rulings he sought to preserve on appeal.
 
 Compare State v. Joseph,
 
 03-315 (La.5/16/03), 847 So.2d 1196, 1197 (per curiam) (“[ajbsent a detailed specification of which adverse pre-trial rulings the defendant reserved for appellate review as part of his guilty plea, an appellate court should presume that the trial court permitted a
 
 Crosby
 
 reservation no broader than necessary to effectuate the underlying purpose of conditional guilty pleas, i.e., to preserve review of evidentia-ry rulings which ‘go to the heart of the prosecution’s case’ that the defendant would otherwise waive by entering an unqualified guilty plea.”).
 

 We must next determine whether we may review the denial of a motion to sever after a
 
 Crosby
 
 plea. In
 
 Crosby,
 
 the supreme court noted:
 

 Normally, the trial court will not accept a plea of guilty conditioned upon review of procedural irregularity occurring after the trial has commenced or eviden-tiary rulings therein which do not go to the heart of the prosecution’s case. Of this nature also, are pre-trial rulings which affect the conduct of the trial but which do not substantially relate to guilt, such as the denial of a continuance or of a severance.
 

 Crosby,
 
 338 So.2d at 591 (emphasis supplied).
 

 Thus, the
 
 Crosby
 
 court cautioned that the denial of a motion for severance is not normally contemplated in a conditional
 
 Crosby
 
 plea. However, we note that at
 
 *909
 
 least one Louisiana court of appeal has considered the merits of a denial of a 17motion for severance under
 
 Crosby.
 
 In
 
 State v. Thomas,
 
 28,790 (La.App. 2 Cir. 10/30/96), 688 So.2d 1272,
 
 writ denied,
 
 96-2844 (La.4/25/97), 692 So.2d 1081, the defendant was charged with two counts of first-degree murder. In exchange for the state’s promise not to seek the death penalty, the defendant pleaded guilty to one count of first degree murder and one count of second degree murder.
 
 Thomas,
 
 683 So.2d at 1274-75. The defendant reserved the right to challenge several pretrial rulings under
 
 Crosby,
 
 including a denial of a motion to sever.
 
 Id.
 
 at 1278. The defendant argued on appeal that the evidence on the two counts would confuse the jury and that the jury would most likely use evidence of one count to convict him on the other count.
 
 Id.
 
 at 1279. The
 
 Thomas
 
 court considered the merits of the trial court’s denial of the motion to sever. The court ultimately concluded that the defendant failed to show how he was prejudiced by the denial of the motion to sever, reasoning that the charges were triable by the same mode of trial and that the defendant did not demonstrate that he would not have pled guilty but for the denial of this motion.
 
 Id.
 

 Persuaded by
 
 Thomas,
 
 we conclude that when a defendant conditions a
 
 Crosby
 
 plea upon a denial of a motion to sever, we may review the merits of the trial court’s ruling. Accordingly, we will consider the merits of the instant defendant’s motion to sever in an abundance of caution.
 

 SEVERANCE OF OFFENSES
 

 Appellant argues that the trial court’s failure to sever the five simple burglary charges from each other was prejudicial because all five incidents took place shortly before the passage of Hurricane Katrina over southeast Louisiana. The appellant asserts that the jurors would be inflamed by the occurrence of offenses during a disaster. In his brief, the appellant notes:
 

 | ^People were and are very passionate about looting and stealing from anyone in Southeast Louisiana who had already been hit hard by a natural disaster. There is something particularly offensive about stealing from Katrina victims, especially five of them. The jury may very well have only looked to convict someone.
 

 La. C. Cr. P. art. 493 permits the join-der of offenses if the offenses charged “are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan” and the offenses are triable by the same mode of trial.
 

 A defendant properly charged in the same indictment with two or more offenses pursuant to La. C. Cr. P. art. 493 may nonetheless move for a severance of the offenses under La. C. Cr. P. art. 495.1, which provides: “[i]f it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.”
 

 In determining whether prejudice results from a joinder of offenses, the trial court must consider the following factors: whether the jury would be confused by the various counts, whether the jury would be able to segregate the various charges and evidence, whether the defendant would be confounded in presenting his various defenses, whether the crimes charged would be used by the jury to infer a criminal disposition, and whether, considering the nature of the charges, the charging of
 
 *910
 
 several crimes would make the jury hostile.
 
 State v. Welch,
 
 03-905 (La.App. 5 Cir. 11/25/03), 864 So.2d 204, 207-208,
 
 writ denied,
 
 04-0171 (La.2/4/05), 893 So.2d 88 (citing
 
 State v. Washington,
 
 386 So.2d 1368 (La.1980)).
 

 A defendant alleging a prejudicial joinder of offenses has a heavy burden of proof.
 
 State v. Welch,
 
 864 So.2d at 208. Motions to sever under La. C. Cr. P. art. 495.1 are within the sound discretion of the trial court and its ruling will not be | ¡¡disturbed on appeal absent an abuse of discretion.
 
 Id.
 
 Factual, rather than con-clusory, allegations are required when the defendant alleges prejudicial joinder of offenses on a motion to sever.
 
 State v. Davis,
 
 92-1623 (La.5/23/94), 637 So.2d 1012, 1019.
 

 The fact that evidence of one of the charges would not be admissible under
 
 State v. Prieur,
 
 277 So.2d 126 (La.1973), in a separate trial on the joined offense, does not prevent the joinder and single trial of both crimes, if the joinder is otherwise permissible.
 
 State v. Deruise,
 
 98-0541, p. 7 (La.4/3/01), 802 So.2d 1224, 1232
 
 (citing State v. Davis,
 
 92-1623, p. 9 (La.5/23/94), 637 So.2d 1012, 1019). Finally, there is no prejudicial effect from joinder of two offenses when the evidence of each is relatively simple and distinct, so that the jury can easily keep the evidence of each offense separate in its deliberations.
 
 Id.
 

 In
 
 Thomas, supra,
 
 as in the instant case, the defendant failed to specify how the denial of the motion to sever prejudiced him in light of his guilty plea. As is true in the instant case, the
 
 Thomas
 
 defendant did “not assert[ ] that he would not have pled guilty but for the denial of this motion nor is there any such suggestion.”
 
 Id.
 
 The
 
 Thomas
 
 court concluded that because the defendant had not shown how he was prejudiced by the denial of the motion even if that denial was an error, there was no merit to the assignment.
 
 Id.
 
 Even if we assume that but for the denial of the motion to sever the offenses, the defendant would have gone to trial on each of them separately, we otherwise find he has failed to show that he was prejudiced. In this regard, we consider the following jury trial cases, which offer guidance:
 

 In
 
 State v. Burks,
 
 04-1435 (La.App. 5 Cir. 5/31/05), 905 So.2d 394,
 
 writ denied,
 
 05-1696 (La.2/3/06), 922 So.2d 1176, the defendant was convicted of six sexual offenses involving three juvenile victims. On appeal, the defendant argued that he was prejudiced by having all six counts tried at the same time and that thejj¡jury found him guilty based on the volume of charges alone. This Court determined that:
 

 In the present case, the evidence shows that the multiple counts, although perpetrated upon different victims and at different times, occurred under strikingly similar circumstances. Consequently, we find that the counts are of the same or similar character as contemplated by La.C.Cr.P. art. 493 and were, therefore, properly charged in the same bill of indictment. We further fail to find that defendant has failed to meet the heavy burden of proving he was prejudiced by the joinder of these offenses.
 

 The evidence presented by the State through the testimony of the victims was clear and consistent, and it is highly improbable that the jury was confused by the multiple counts involving the three victims.
 

 Burks,
 
 905 So.2d at 400.
 

 In
 
 State v. Christy,
 
 593 So.2d 1322 (La. App. 1 Cir.1991), the defendant was charged with six counts of simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2. He was subsequently convicted of five counts of simple burglary of an
 
 *911
 
 inhabited dwelling by a jury. On appeal, the defendant contended that the trial court erred in denying his motion to quash for misjoinder, or, alternatively, motion to sever offenses.
 
 Christy,
 
 598 So.2d at 1324. The First Circuit disagreed, reasoning:
 

 The facts of these offenses were relatively simple and were similar. All five burglaries involved inhabited dwellings on El Scott Avenue. For each offense, the State introduced the testimony of the particular sheriffs deputy who investigated that offense and recovered fingerprints therefrom ... Finally, the State presented the testimony of the fingerprint expert, Martha Hilburn, who identified the defendant’s fingerprints in connection with each particular offense.
 

 [[Image here]]
 

 Considering the relatively simple facts of these very similar offenses, the manner in which the evidence was presented to the jury, and the trial court’s instructions to the jury, we conclude that the defendant was not prejudiced by the joinder of these offenses in a single bill of information. Accordingly, the trial court did not err in denying the defendant’s motion to quash for misjoinder, or, alternatively, motion to sever offenses.
 

 Id.
 
 at 1325.
 

 Inin the instant case, the offenses were properly joined pursuant to La. C. Cr. P. art. 493. Although the crimes involved five different victims, the defendant perpetrated the offenses each victim within a relatively short time span. In each offense, the defendant burglarized or attempted to burglarize a vehicle with the ostensible purpose of removing stereo equipment from the vehicle. Each offense took place within the corporate limits of Kenner, Louisiana. Further, as the defendant was charged with simple burglary for all offenses, the counts were triable by the same mode of trial pursuant to La. C. Cr. P. art. 782(A).
 

 Similarly, the facts of the charged offenses were relatively simple and uncomplicated. The charged offenses were not complicated in nature, nor were the allegations such that a jury would not have been able to segregate the various offenses. Four of the five offenses occurred within a three day period. The fifth offense occurred approximately three weeks earlier. All five offenses involved the vehicle burglaries. The burglaries involved five different victims and five different vehicles, however, the offenses were perpetrated under similar circumstances. In the memorandum opposing the Motion for Severance of Offenses, the state explained that two of the five offenses occurred “next to each other at 1100 Industry Road and at 1020 Industry Road, respectively, on and within adjacent properties.” The state additionally noted that two offenses occurred at the Butch Dewey gymnasium and playground parking lot located at 1710 10th Street on the same date and time. At the hearing on the Motion for Severance of Offenses, the prosecutor indicated that in each of the burglaries, vehicle windows were pried open or smashed, and that the defendant’s fingerprints were found inside all of the vehicles. The defendant’s argument that he would have been prejudiced because a jury would have believed he was stealing from Hurricane Katrina victims is wholly without merit; all five offenses took place
 
 before
 
 Hurricane Katrina’s passage over | ^Louisiana. The joinder of the charges would not have prevented the defendant from putting on a sound defense at trial. Moreover, the charged offenses were not crimes of violence, and it is therefore unlikely that a jury would have been inflamed by the inclusion of all five counts.
 

 The offenses shared enough similarities to make joinder permissible and the facts
 
 *912
 
 of each offense are not identical and are easily distinguishable from each other. We therefore find that the defendant did not overcome his heavy burden of proving prejudicial joinder and that the trial court did not abuse its discretion in denying the defendant’s Motion for Severance of Offenses.
 

 Accordingly, this assignment of error has no merit.
 

 ERRORS PATENT
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920,
 
 State v. Oliveaux,
 
 812 So.2d 387 (La.1975), and
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 We discern one error patent. The trial court imposed an illegally lenient multiple offender sentence. La. R.S. 15:529.1(A)(l)(c) provides as follows:
 

 (c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
 

 [[Image here]]
 

 (11) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence,
 

 (emphasis added)
 

 La. R.S. 14:62 provides, in pertinent part:
 

 | ^Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.
 

 (emphasis added)
 

 The multiple offender bill of information alleges that the defendant had two prior convictions for simple burglary and one prior conviction for attempted simple burglary. The defendant stipulated that he had previously been convicted of the felonies as stated in the multiple bill. Thus, the fourth felony and two of the previous felonies were punishable by imprisonment for twelve years or more. The defendant should have accordingly received a mandatory life sentence of imprisonment without benefit of parole, probation, or suspension of sentence under La. R.S. 15:529.1(A)(l)(c)(ii).
 

 The state did not object to the illegally lenient sentence at the time of sentencing, nor does it do so on appeal. Under La. C. Cr. P. art. 882, this Court has the authority to correct an illegal sentence despite the failure of either party to raise the issue. This authority is permissive rather than mandatory.
 
 State v. Quinones,
 
 03-907, p. 11 (La.App. 5 Cir. 12/30/03), 864 So.2d 824, 830. A defendant does not have a constitutional or statutory right to an illegal sentence.
 
 State v. Williams,
 
 00-1725, pp. 16-17 (La.11/28/01), 800 So.2d 790, 797. However, “[a]n appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and which resulted in dispositions of the cases favorable to the defendant.”
 
 State v. Campbell,
 
 01-0329 (La.11/2/01), 799 So.2d 1136, 1136 (citing
 
 State v. Guzman,
 
 99-1528, p. 6 (La.5/16/00), 769 So.2d 1158, 1162). The purpose of the Campbell edict is to avoid vacating the guilty plea and providing the
 
 *913
 
 defendant with a remedy that he did not request, thus the edict applies to an error patent review of guilty pleas.
 
 See State v. Robinson,
 
 06-1406 (La.12/8/06), 943 So.2d 371, 372 (per curiam) (“[a] guilty plea colloquy is not part of the record for purposes of error patent review.”).
 

 In
 
 State v. Massey,
 
 02-872 (La.App. 5 Cir. 2/11/03), 841 So.2d 862, the defendant was found guilty as charged by a jury of one count of possession of cocaine, a violation of La. R.S. 40:967(C). The state subsequently filed a multiple offender bill of information, wherein it alleged the defendant to be a fourth felony offender. Following a hearing, the defendant admitted the allegations of the multiple bill in exchange for a negotiated multiple offender sentence of fifteen years of imprisonment.
 
 Massey,
 
 841 So.2d at 863. The trial judge vacated the defendant’s original sentence and sentenced defendant as a multiple offender to imprisonment for 15 years at hard labor with credit for time served but without benefit of probation or suspension of sentence.
 
 Id.
 
 On appeal, this Court noted that the “defendant was subject to a mandatory life sentence without benefit of parole, probation or suspension of sentence under La. R.S. 15:529.1(A)(l)(c)(ii)” because he had previously been convicted of a “crime of violence” under La. R.S. 14:2(B).
 
 Id.
 
 at 865. However, we reasoned “[following [the Campbell] edict, we will not disturb defendant’s sentence. Accordingly, we affirm defendant’s conviction and sentence.”
 
 Id.
 

 In the instant case, as in
 
 Massey,
 
 the defendant was subject to a mandatory life sentence as a fourth felony offender pursuant to La. R.S. 15:529.1(A)(l)(c)(ii). The defendant bargained for and received a negotiated sentence that was not legally available to him, as in
 
 Massey.
 
 Neither the defendant nor the state complains about the illegally lenient sentence on appeal. We recognize that the
 
 Massey
 
 defendant was found guilty as charged after a jury trial, while the defendant in the instant case pleaded guilty to five counts of simple burglary. We also recognize that this Court has arrived at different | ^conclusions when considering the
 
 Campbell
 
 prohibition in its sentencing error patent review where a negotiated illegally lenient sentence is based on a plea bargain.
 
 See, e.g., State v. Grant,
 
 04-341, pp. 4-5 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598 (applying the
 
 Campbell
 
 prohibition to “not disturb [the defendant’s] sentences.”);
 
 State v. Thomas,
 
 07-940, p. 6 (La.App. 5 Cir. 3/25/08), 983 So.2d 943, 946 (same);
 
 State v. Smith,
 
 08-528 (La.App. 5 Cir. 1/13/09), 1 So.3d 802, 806 (“we exercise our discretion to notice the illegally lenient sentence” despite the
 
 Campbell
 
 prohibition). In the instant case, we will refrain from exercising our authority under La. C. Cr. P. art. 882 to correct an illegally lenient sentence.
 

 CONCLUSION AND DECREE
 

 For the foregoing reasons, the defendant’s convictions and sentences are affirmed. We additionally affirm the trial court’s habitual offender finding and enhanced simple burglary sentence.
 

 SIMPLE BURGLARY CONVICTIONS AND SENTENCES AFFIRMED; HABITUAL OFFENDER FINDING AND SENTENCE AFFIRMED.
 

 [1]
 

 .
 
 See State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 [2]
 

 .
 
 See Daubert v. Merrell Dow Pharmaceuticals,
 
 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
 

 [3]
 

 . The trial judge had originally granted the defendant a continuance of trial, over the state's objection, in order for the defendant to seek writs. Thereafter, in November, the trial judge denied the defendant's request for an extension. Under Rule 2-1.14 of the Uniform Rules-Courts of Appeal, any record lodged in this Court may be used, without necessity of duplication, in any other case on appeal or on writ.
 
 State v. Bradley,
 
 02-1130 (La.App. 5 Cir. 3/11/03), 844 So.2d 115, 118. Our records reveal that in December, in
 
 State v. Fontenberry,
 
 06-KM-914 (La.App. 5 Cir. 12/4/06) (unpublished motion to stay), diis Court denied the defendant's motion for a stay of trial
 
 *907
 
 and a motion for extension of time in which to file a supervisory writ in this Court.
 

 [4]
 

 . According to the commitment and minute entry of December 5, 2006, the trial judge denied the defendant's oral motions to exclude evidence and testimony as well as motions for continuance and stay of trial. The record before this Court, however, only contains the subsequent guilty plea and sentencing transcripts.