EDWIN A. LOMBARD, Judge.
 

 L.The defendant, Nolan H. Graps, appeals his conviction for possession of heroin and possession of a firearm by a convicted felon, arguing insufficiency of the evidence and that his right to due process was violated by the denial of his motion to
 
 *1068
 
 quash. After review
 
 of the
 
 record in light of the applicable law and arguments of the parties, we affirm the convictions but remand the case to the trial court for imposition of the mandatory fine for possession of a firearm by a convicted felon.
 

 Relevant Procedural History
 

 On March 27, 2008, the defendant was charged with possession of heroin (count one) and possession of a firearm by a convicted felon (count two), violations of La.Rev.Stat. 40:966(0(1) and La.Rev.Stat. 14:95.1, respectively. He pleaded not guilty and on April 14, 2009, prior to commencement of his first jury trial, the district court denied the defendant’s motion to quash the bill of information. The first trial ended in a mistrial during the testimony of Officer Sean Ogden but on May 18, 2009, following a second jury trial, the defendant was found guilty as charged on both counts. The defendant was sentenced to serve concurrent terms of five 13years at hard labor with credit for time served on count one and ten years at hard labor with credit for time served on count two. After the defendant admitted to the allegations in the multiple bill of information, the district court vacated his original sentence on count one and resentenced the defendant as a second felony offender to serve five years at hard labor with credit for time served on count one, again to be served concurrently with his sentence in count two. This timely appeal follows.
 

 Assignment of Error I
 

 The defendant contends that the evidence is insufficient to support convictions for possession of heroin and possession of a firearm by a convicted felon. Pursuant to
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Under this standard, the reviewing court considers the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld.
 
 State v. Mussall,
 
 523 So.2d 1305 (La.1988).
 

 Pursuant to La.Rev.Stat. 40:966(C), it is unlawful to knowingly or intentionally possess heroin; the elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances.
 
 State v. Lewis,
 
 98-2575, (La.App. 4 Cir. 3/1/00), 755 So.2d 1025, 1027.
 

 Pursuant to La.Rev.Stat. 14:95.1, the elements of possession of a firearm by a convicted felon are: (1) possession of a firearm; (2) conviction of an enumerated felony; (3) absence of the ten year statutory period of limitation; and |4(4) general intent to commit the offense.
 
 State v. Husband,
 
 437 So.2d 269, 271 (La.1983).
 

 Two arresting police officers, a police fingerprint identification expert, and police criminalist testified for the prosecution at trial and the defendant’s girlfriend testified for the defense. The following facts were adduced.
 

 On October 29, 2007, Officer Sean Ogden of the New Orleans Police Department (NOPD) was on proactive patrol in the 2800 block of Thalia Street with his partner, Officer Chris Carter. As Officer Ogden drove down Thalia Street, between Willow and Clara Streets, he observed the defendant squat down on the side of an abandoned house at 2812 Thalia and place some type of assault rifle under the house between two front pillars. There was enough light to for Officer Ogden to see that the rifle had a brightly colored rack
 
 *1069
 
 ing slide under the barrel. Accordingly, the police officers decided to stop and investigate. Upon seeing the officers, the defendant hurriedly threw the rifle under the house, stood up and began to fumble with the zipper area of his pants, telling the officers that he was just “taking a piss.” Officer Carter instructed the defendant to come to the police car where he was handcuffed for the officers’ safety while Officer Ogden went to the spot where he saw the defendant throw the rifle. Officer Ogden retrieved the rifle and a shotgun, both of which were loaded. After learning the defendant was a convicted felon, Officer Carter informed him of his
 
 Miranda
 
 rights and placed him under arrest for being a convicted felon in possession of a firearm. Upon being questioned, the defendant denied any knowledge of the two weapons found under the house and indicated that someone else must have put them there. Officer Carter searched the defendant and discovered heroin hidden inside his shoe.
 

 | sOfficer Joseph Pollard, an expert in the field of latent fingerprint identification, testified that the defendant’s name and fingerprints matched the name and fingerprints on the certified arrest register packet from his previous conviction, indicating that he was the same person. Officer John Palm, a criminalist and expert in the field of chemistry and analysis of controlled dangerous substances, testified that he performed micro crystalline, gas chro-matograph and mass spectroscopy tests on the foil wrapped white substance seized from defendant and that the substance tested positive for heroin.
 

 Meosha Celestia, the defendant’s girlfriend, testified that on October 29, 2007, at approximately 11:30 p.m., she, defendant and her friend, Chantell, were sitting on the porch at her sister’s home at 1405 Clara Street. She observed a police car with flashing lights coming from Martin Luther King Boulevard. The officers exited the car and asked Ms. Celestia how old she was. She responded that she was eighteen years old. The officers asked for identification. Ms. Celestia, accompanied by Chantell, went inside the house to get her identification. When she returned with her identification, the defendant was against the side of the police car in handcuffs. The officers told her to go back inside. She denied that the defendant had a weapon or heroin that night and stated that she had never seen either of the two confiscated weapons found under the house.
 

 The defendant asserts that this evidence is insufficient to link him to either of the charged offenses because the police officers gave conflicting testimony pertaining to the lighting conditions near the house where they allegedly observed him throw the rifle: Officer Ogden stated the lighting was excellent while Officer Carter characterized the lighting as only fair. To the | ^extent that this testimony conflicts, it is an issue of credibility which is an issue for the trier of fact (in this case the jury) to determine.
 
 See State v. Bailey,
 
 04-0085 (La.App. 5 Cir. 5/26/04), 875 so.2d 949, 955,
 
 writ denied,
 
 04-1605 (La.11/15/04), 887 so.2d 476,
 
 cert denied,
 
 546 U.S. 981, 126 S.Ct. 554, 163 L.Ed.2d 468 (2005) (when the trier of fact is confronted by conflicting testimony, the determination of that fact rests solely with that judge or jury, who may accept or reject, in whole or in part, the testimony of any witness). In the instant case, Officers Ogden and Carter observed the defendant squat next to an abandoned house at 2812 Thalia Street and place a rifle under the house. Following an investigatory stop, the officers learned that the defendant had a prior felony conviction and arrested him for possession of a firearm. During a search incident to
 
 *1070
 
 that arrest, Officer Carter discovered plastic foil wrapped bags of heroin in the defendant’s shoe. Examination and comparison of the defendant’s fingerprints with the fingerprints from the documents of the prior conviction confirmed that the defendant was the same person convicted of possession of cocaine on October 21, 2004. The substance found in the defendant’s shoe tested positive for heroin. Accordingly, the evidence presented at trial is sufficient to sustain the defendant’s convictions for possession of a firearm by a convicted felon in possession of a firearm and for possession of heroin. This assignment of error is without merit.
 

 Assignment of Error II
 

 The defendant contends that the trial judge prejudiced his due process right to a fair trial by denying the motion to quash the bill of information on the grounds of misjoinder of offenses. Specifically, he argues that the joinder of the offenses 17for trial prejudiced his due process rights because the jury learned of his prior conviction for possession of cocaine which influenced their guilty verdict on the possession of heroin charge.
 

 La.Code Crim. Proc. art. 493 permits the joinder of offenses if the offenses charged “are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a comirton scheme or plan” and the offenses are triable by the same mode of trial. A defendant properly charged in the same indictment with two or more offenses pursuant to La.Code Crim. Proc. art. 493 may nonetheless move for a severance of the offenses under La. Code Crim. Proc. art. 495.1 which provides: “[i]f it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.” However, a defendant alleging a prejudicial joinder of offenses has a heavy burden of proof.
 
 See State v. Fontenberry,
 
 09-0127, 8 (La.App. 5 Cir. 10/27/2009), 27 So.3d 904, 909 (citation omitted). To determine whether prejudice results from a joinder of offenses, the following factors are considered by the trial court: whether the jury would be confused by the various counts, whether the jury would be able to segregate the various charges and evidence, whether the defendant would be confounded in presenting his various defenses, whether the crimes charged would be used by the jury to infer a criminal disposition, and whether, considering the nature of the charges, the charging of several crimes would make the jury hostile.
 
 Fontenberry,
 
 09-0127, p. 8, 27 So.3d at 909-910. Motions to sever under La. Code Crim. Proc. art. 495.1 are within the sound discretion of the trial court and its ruling will not be disturbed |son appeal absent an abuse of discretion.
 
 Fontenberry,
 
 09-0127, pp. 8-9, 27 So.3d at 910. Generally, “there is no prejudice and severance is not required if the facts of each offense are not complex, and there is little likelihood that the jury will be confused by the evidence of more than one crime.”
 
 State v. Lewis,
 
 557 So.2d 980, 984 (La.App. 4 Cir.1990).
 

 In the instant case, the offenses are triable by the same mode of trial.
 
 See
 
 La.Code Crim. Proc. art. 782. The offenses occurred at the same location, date and time. The facts of each offense were simple and uncomplicated. The investigating officers who testified documented and distinguished each offense. There is no indication that the jury was confused by the joint presentation of evidence of the
 
 *1071
 
 crimes. There is no suggestion that the defendant’s right to present a defense for possession of heroin was hindered. Nor is there anything in the record to suggest the State joined the offenses to show the defendant’s criminal propensity. There is no evidence of jury hostility as a result of the joinder. Accordingly, we do not find that the trial court abused its discretion by denying the motion to quash the bill of information on the grounds of misjoinder of offenses. This assignment is without merit.
 

 Errors Patent
 

 A review for errors patent reveals errors in defendant’s sentences. A person convicted of possession of heroin shall be imprisoned for not less than four nor more than ten years, and may, in addition, be sentenced to pay a fine of not more than five thousand dollars. La.Rev.Stat. 40:966(0(1).
 

 A person convicted of possession of a firearm by a convicted felon shall be imprisoned at hard labor for not less than ten nor more than fifteen years, without benefit of parole, probation or suspension of sentence and pay a fine of not less 19than one thousand dollars nor more than five thousand dollars. La.Rev.Stat. 14:95.1(A), (B). A person convicted of being a second felony offender shall be imprisoned for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for the first conviction without benefit of probation or suspension of sentence. La.Rev.Stat. 15:529.1 A(a); G.
 

 In this case, the district court failed to deny defendant benefits on both convictions and failed to impose the mandatory fine for the possession of a firearm by a convicted felon conviction. Accordingly, the defendant’s sentences are illegally lenient. Although statutory restrictions are contained in a sentence whether or not
 

 verbally imposed by the sentencing court, La.Rev.Stat. 15:301.1(A);
 
 State v. Hall,
 
 2002-1098 (La.App. 4 Cir. 3/19/03), 843 So.2d 488, a reviewing court must remand a case for the imposition of a mandatory fine where the trial court failed to do so.
 
 State v. Williams,
 
 2003-0302 (La.App. 4 Cir. 10/6/03), 859 So.2d 751. Accordingly, we remand this case to the trial court for the imposition of the mandatory fine for the possession of a firearm by a convicted felon conviction.
 

 Conclusion
 

 The defendant’s convictions and sentence are affirmed, but the case is remanded back to the trial court for imposition of the mandatory fine for the possession of a firearm by a convicted felon conviction.
 

 CONVICTIONS AND SENTENCE AFFIRMED; REMANDED FOR IMPOSITION OF FINE.